**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ROY L. WIMS,**

  **Plaintiff,**                                    **CASE NO.:**

  **vs.**                                            **DEMAND FOR JURY TRIAL**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION, LLC, SYNCHRONY BANK,**
**121 FINANCIAL CREDIT UNION, and**
**CITIBANK, N.A.**

  **Defendants.**
  _____/

**COMPLAINT**

COMES NOW Plaintiff, ROY L. WIMS, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, SYNCHRONY BANK, 121 FINANCIAL CREDIT, and CITIBANK, N.A. and alleges:

**I. PARTIES**

1.    Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

1

2.    Defendant EXPERIAN is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

3.    At all times material Defendant EXPERIAN is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4.    Defendant TRANS UNION is a Delaware corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court.

5.    At all times material Defendant TRANS UNION is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

6.    Defendant Synchrony Bank is a bank that operates from Draper, UT and specializes in "store credit cards." It does business as several companies, including Care Credit, and is subject to the jurisdiction of this court.

7.    Defendant Synchrony Bank is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

8.    Defendant 121 Financial Credit Union is a credit union based in Jacksonville, FL and is subject to the jurisdiction of this court.

9.    Defendant 121 Financial Credit Union is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

10.   Defendant Citibank, N.A. ('Citibank') is a national bank based in New York, NY and is subject to the jurisdiction of this court.

11.   Defendant Citibank is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

## II. JURISDICTION AND VENUE

12.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*.

13.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS

14.    Prior to 2022, accounts with Synchrony Bank, 121 Financial Credit Union, and CitiBank, N.A. appeared on Plaintiff's credit report. None of these accounts were at any point his, but seemed to have either been (a) a mistake on the part of the companies or (b) intentional fraud on behalf of third parties.

15.    Further, on Plaintiff's Experian and Trans Union credit reports, there appeared phone numbers, addresses, names, and even *social security numbers* that did not belong to Plaintiff.

16.    In an attempt to remove these accounts, delete this false information, Plaintiff disputed this inaccurate information on his credit reports.

### DISPUTES TO THE CREDIT BUREAUS

17.    On or about July 19, 2022, Plaintiff submitted a dispute letter (hereinafter "First Dispute Letter to Experian") via certified mail to EXPERIAN, disputing the reporting of the improper accounts and false information. Please see attached a true and correct copy of the "First Dispute Letter to Experian." ***See Exhibit A, redacted.***

18.    Experian received this first dispute on July 22, 2022. ***See Exhibit B.***

19.    On or about July 19, 2022, Plaintiff submitted a dispute letter (hereinafter "First Dispute Letter to Trans Union') via certified mail to TRANS UNION, disputing the reporting of the improper accounts and false information. Please

see attached a true and correct copy of the "First Dispute Letter to Trans Union." ***See Exhibit C, redacted.***

20. Trans Union received this first dispute on July 26, 2022. ***See Exhibit D.***

21. After receiving the First Dispute Letter to Experian, EXPERIAN had not removed the Care Credit or CitiBank, N.A. accounts, nor did it delete all of the improper addresses listed.

22. After receiving the First Dispute Letter to Trans Union, TRANS UNION had not removed the Care Credit, Citibank, or 121 Financial accounts, nor did it delete the improper personal information.

23. After receiving the First Dispute Letter to Experian, upon information and belief, EXPERIAN properly contacted the non-bureau Defendants, but failed to change or remove the accounts or personal information.

24. After receiving the First Dispute Letter to Trans Union, upon information and belief, TRANS UNION properly contacted the non-bureau Defendants, but failed to change or remove the accounts or personal information.

25. In the alternative, the Defendant bureaus failed to contact the non-bureau Defendants.

26. After receiving Plaintiff's First Dispute Letter to Experian and First Dispute Letter to Trans Union, upon information and belief, Defendants failed to conduct a reasonable investigation of the accounts.

27.    On August 25, 2022, Plaintiff submitted a dispute letter (hereinafter "Second Dispute Letter to Experian') via certified mail to EXPERIAN, disputing the reporting of the improper accounts and false information. Please see attached a true and correct copy of the "Second Dispute Letter to Experian." ***See Exhibit E, redacted.***

28.    Experian received this second dispute on August 30, 2022. ***See Exhibit F.***

29.    On August 25, 2022, Plaintiff submitted a dispute letter (hereinafter "Second Dispute Letter to Trans Union') via certified mail to TRANS UNION, disputing the reporting of the improper accounts and false information. Please see attached a true and correct copy of the "Second Dispute Letter to Trans Union." ***See Exhibit G, redacted.***

30.    Trans Union received this second dispute on August 30, 2022. ***See Exhibit H.***

31.    After receiving the Second Dispute Letters, EXPERIAN and TRANS UNION did not remove the false accounts, or inaccurate personal information.

32.    After receiving the Second Dispute Letter, upon information and belief, the bureaus properly contacted the Defendants, but failed to change or remove the accounts.

33.    In the alternative, the Defendant bureaus failed to contact the Defendants Citibank, N.A., 121 Financial, and Synchrony.

34.    After receiving Plaintiff's Second Dispute Letter, upon information and belief, Defendants failed to conduct a reasonable investigation of the accounts.

## RESULTS OF DEFENDANTS' FAILURES

35.    As of the date of this Complaint, Defendants EXPERIAN and TRANS UNION have continued to improperly report three accounts that do not belong to Plaintiff Wims, and personal information that is not the Plaintiff's. ***See Exhibit I, redacted.***

36.    When Plaintiff disputed the accounts, Defendant EXPERIAN was required to perform an reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

37.    When Plaintiff disputed the accounts, Defendant TRANS UNION was required to perform an reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

38.    When Plaintiff disputed the account, Defendant Citibank was required to perform a reinvestigation; however, Defendant Citibank continued to report the erroneous credit information with actual knowledge of errors.

39.  When Plaintiff disputed the account, Defendant 121 Financial Credit Union was required to perform a reinvestigation; however, Defendant 121 Financial Credit Union continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA in complete disregard to the foreclosure case and Plaintiff's disputes.

40.  When Plaintiff disputed the account, Defendant Synchrony Bank was required to perform a reinvestigation; however, Defendant Synchrony Bank continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA in complete disregard to the foreclosure case and Plaintiff's disputes.

41.  As a result of Defendants' credit reporting of the inaccurate account on Plaintiff's credit reports, Plaintiff's credit score was reduced.

42.  Plaintiff retained undersigned counsel for purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

43.  All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

# V. CAUSES OF ACTION

## COUNT I
## CLAIMS AGAINST DEFENDANT EXPERIAN
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

44.    Plaintiff incorporates Paragraph 1 – 43 above as fully stated herein.

45.    Defendant EXPERIAN willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

46.    Defendant EXPERIAN willfully and/or negligently ignored the information provided to it by Plaintiff, the documents provided to it, and the results of investigations by the other Defendants.

47.    Defendant EXPERIAN willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

48.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681e (b).

49.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

50.    Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

51.    Defendant EXPERIAN negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff

in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

52. Defendant EXPERIAN willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

53. In response to the request for reinvestigation, Defendant EXPERIAN improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

54. Defendant EXPERIAN has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

55. As noted above, EXPERIAN failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's dispute and by not reviewing personal information that was clearly *not* connected to Plaintiff.

56. Defendant EXPERIAN's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

57. Defendant EXPERIAN's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to

10

Plaintiff as stated herein, and as a result, Defendant EXPERIAN is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

58. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EXPERIAN:

a)     For actual damages;

b)     For compensatory damages;

c)     For statutory damages;

d)     For attorney's fees and costs incurred in this action;

e)     For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)     For such other and further relief as the Court may deem just and proper.

**COUNT II**
**CLAIMS AGAINST DEFENDANT TRANS UNION**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 *et seq.***

59.    Plaintiff incorporates Paragraph 1 – 43 above as fully stated herein.

60.    Defendant TRANS UNION willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

61.    Defendant TRANS UNION willfully and/or negligently ignored the information provided to it by Plaintiff, in the documents provided by Plaintiff, and in the results of investigations by other Defendants.

62.    Defendant TRANS UNION willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

63.    Defendant TRANS UNION willfully and/or negligently violated 15 U.S.C. § 1681e (b).

64.    Defendant TRANS UNION willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

65.    Defendant TRANS UNION willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

66.    Defendant TRANS UNION negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff

in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

67. Defendant TRANS UNION willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

68. In response to the request for reinvestigation, Defendant TRANS UNION improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

69. Defendant TRANS UNION has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

70. Defendant TRANS UNION's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

71. Defendant TRANS UNION's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant TRANS UNION is liable to compensate Plaintiff for the full amount of statutory and actual damages,

along with attorney's fees and costs, as well as such other relief as permitted by law.

72.    Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant TRANS UNION:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For attorney's fees and costs incurred in this action;

e)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)    For such other and further relief as the Court may deem just and proper.

**COUNT III**
**CLAIMS AGAINST DEFENDANT**
**CITIBANK, N.A.**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 *et seq.***

14

73.    Plaintiff incorporates Paragraph 1-43 above as if fully stated herein.

74.    Defendant CITIBANK, N.A. has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

75.    Specifically, CITIBANK, N.A. violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letter, the documents sent to it, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

76.    Further, CITIBANK, N.A. violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

77.    Following the reinvestigation and dispatch of direct notice to CITIBANK, N.A., who failed to notify the consumer reporting agencies to whom it

reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

78. CITIBANK, N.A.'s reinvestigation was not conducted in good faith.

79. CITIBANK, N.A.'s reinvestigation was not conducted reasonably.

80. CITIBANK, N.A.'s reinvestigation was not conducted using all information reasonably available to the Defendant.

81. CITIBANK, N.A.'s reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had along with disputes with the credit bureaus.

82. CITIBANK, N.A.'s actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

83. Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

84.    Defendant CITIBANK, N.A. had **received multiple disputes from the bureaus** to find that these accounts were inaccurate.

85.    Despite having all the information available to it as the other credit bureaus, Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A). And CITIBANK, N.A. is **still reporting this information.**

86.    As a result of CITIBANK, N.A.'s conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

87.    CITIBANK, N.A.'s actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

88.    Plaintiff is entitled to recover costs and attorney fees from Defendant CITIBANK, N.A. in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

89.    CITIBANK, N.A.'s actions demonstrate an honest disregard for consumers and consumer law. Plaintiff will move for punitive damages following discovery of relevant information.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against CITIBANK, N.A.:

a)      For actual damages;

b)      For compensatory damages;

c)      For statutory damages;

d)      For punitive damages;

e)      For attorney's fees and costs incurred in this action;

f)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

**COUNT IV**
**CLAIMS AGAINST DEFENDANT**
**121 FINANCIAL CREDIT UNION**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 *et seq.***

90.   Plaintiff incorporates Paragraph 1-43 above as if fully stated herein.

91.   Defendant 121 FINANCIAL CREDIT UNION has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

92.    Specifically, 121 FINANCIAL CREDIT UNION violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's dispute letters, the documents provided by Plaintiff, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

93.    Further, 121 FINANCIAL CREDIT UNION violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

94.    Following the reinvestigation and dispatch of direct notice to 121 FINANCIAL CREDIT UNION, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

95.    121 FINANCIAL CREDIT UNION's reinvestigation was not conducted in good faith.

96.    121 FINANCIAL CREDIT UNION's reinvestigation was not conducted reasonably.

97.    121 FINANCIAL CREDIT UNION's reinvestigation was not conducted using all information reasonably available to the Defendant.

98.    121 FINANCIAL CREDIT UNION's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

99.    121 FINANCIAL CREDIT UNION's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

100.   Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

101.   Defendant 121 FINANCIAL CREDIT UNION had **received multiple disputes from two bureaus** to find that this account was inaccurate. In light

of the documents and disputes related to the account, Defendant 121 FINANCIAL CREDIT UNION **still reported the account as accurate.**

102. Despite having all the information available to it as the other credit bureaus, Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

103. As a result of 121 FINANCIAL CREDIT UNION's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

104. 121 FINANCIAL CREDIT UNION's actions and inaction were willful rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

105. Plaintiff is entitled to recover costs and attorney fees from Defendant 121 FINANCIAL CREDIT UNION in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and 121 FINANCIAL CREDIT UNION:

a)     For actual damages;

b)     For compensatory damages;

c)      For statutory damages;

d)      For punitive damages;

e)      For attorney's fees and costs incurred in this action;

f)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

### COUNT V
### CLAIMS AGAINST DEFENDANT
### SYNCHRONY BANK
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

106.   Plaintiff incorporates Paragraph 1-43 above as if fully stated herein.

107.   Defendant SYNCHRONY has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

108.   Specifically, SYNCHRONY violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's dispute letters, the documents provided by

Plaintiff, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

109. Further, SYNCHRONY violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

110. Following the reinvestigation and dispatch of direct notice to SYNCHRONY who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

111. SYNCHRONY's reinvestigation was not conducted in good faith.

112. SYNCHRONY's reinvestigation was not conducted reasonably.

113. SYNCHRONY's reinvestigation was not conducted using all information reasonably available to the Defendant.

114.  SYNCHRONY's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

115.  SYNCHRONY BANK's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

116.  Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

117.  Defendant SYNCHRONY BANK had **received multiple disputes from two bureaus** to find that this account was inaccurate. In light of the documents and disputes related to the account, Defendant SYNCHRONY BANK **still reported the account as accurate.**

118.  Despite having all the information available to it as the other credit bureaus, Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

119.   As a result of SYNCHRONY BANK's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

120.   SYNCHRONY's actions and inaction were willful rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

121.   Plaintiff is entitled to recover costs and attorney fees from Defendant SYNCHRONY BANK in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

   **WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and SYNCHRONY BANK:

   a)    For actual damages;

   b)    For compensatory damages;

   c)    For statutory damages;

   d)    For punitive damages;

   e)    For attorney's fees and costs incurred in this action;

   f)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease

reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 9th day of November, 2022.

**STORY GRIFFIN**
*Attorneys at Law*

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar:  0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com